## Banes, Appellant, *v.* Finney.

*Decedent's estates—Intestate law—Half blood—Act of April 8, 1833, sec. 9.*
  Where an intestate has a half-brother by a common mother, and it appears that the fathers of the intestate and her half-brother were brothers, and the intestate inherits land from her father, the half-brother is entitled to take the land to exclusion of the intestate's paternal uncles and aunts.

Argued Feb. 12, 1904.    Appeal, No. 19, Jan. T., 1904, by plaintiff, from judgment of C. P. Bucks Co., Jan. T., 1904, No. 11, on case stated in suit of Elizabeth E. Banes, Samuel Vanartsdalen, Almeda Lewis, Thomas Beans and Sarah E. Cornell v. William H. Finney.   Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and THOMPSON, JJ.    Affirmed.

Case stated to determine title to real estate.

STOUT, P. J., filed the following opinion :
Jesse Finney acquired the real estate in question by purchase and a deed of conveyance to him dated April 2, 1827.   He is the perquisitor, or first purchaser, through whom the inheritable blood must come.

Jesse Finney died in 1854, testate, leaving to survive him children as follows, to wit: John, James C., Samuel, Ann Eliza, Hannah and Sarah E.

The said Jesse Finney, by his last will and testament, devised the said real estate to his son John, his heirs and assigns, subject to the payment of $1,700 to his son James, and $700 to his daughter Ann Eliza.

Under the said will the said John Finney took the said real estate devised to him as if by descent and not as a purchaser, notwithstanding the payments to the other heirs charged upon it by the testator : Kinney v. Glasgow, 53 Pa. 141.

The said John Finney died in 1864, seized of the said real estate, and intestate, leaving to survive him a widow, Mary, and one child, Elizabeth, as his sole heir.   The said Elizabeth was the daughter of the said Mary, and took the said real estate under the intestate laws, subject to the dower of her mother therein.

The said Mary Finney, widow, afterwards married James C. Finney, a brother of her former husband, John Finney, deceased. By this marriage the said Mary had one child, William H. Finney, the defendant in this case.

The said William H. Finney and Elizabeth Finney were brother and sister of the half blood through their common mother, Mary Finney.

The said Elizabeth Finney died June 4, 1871, seized of the said real estate, intestate, and without issue and without brothers or sisters of the whole blood or their descendants; but she left surviving her, her mother, the said Mary Finney (who had none of the blood of Jesse Finney, the perquisitor, in her veins), and a brother of the half blood, the said William H. Finney, the defendant.

The said Elizabeth Finney also left surviving her uncles and aunts, to wit: James C. (the father of William H. Finney, her brother of the half blood), Samuel, Ann Eliza Vanartsdalen, Hannah Beans and Sarah E. Praul, being the brothers and sisters of her father.

The case stated raises the single question: Whether upon the death of Elizabeth Finney the real estate whereof she died seized as aforesaid passed under the intestate laws of this commonwealth to William H. Finney, her brother of the half blood, or whether the same passed to her uncles and aunts, the above-named brothers and sisters of her father, John Finney, deceased.

Section 6 of the act relating to the descent and distribution of the estates of intestates, approved April 8, 1833, provides: " In default of issue, and brothers and sisters of the whole blood and their descendants, and also father and mother, competent by this act to take an estate of inheritance therein, the real estate of such intestate, subject to the life estates hereinbefore given, if any, shall descend to and be vested in the brothers and sisters of the half blood of the intestate, and their issue, in like manner, respectively, as is hereinbefore provided for the case of brothers and sisters of the whole blood and their issue."

This section clearly vested the said real estate in William H. Finney, the only brother of the half blood of the intestate, unless he was incapable of taking by reason of the provisions

contained in section 9 of the same act, which provides as follows: "That no person who is not of the blood of the ancestors or other relations from whom any real estate descended, or by whom it was given or devised to the intestate, shall, in any of the cases before mentioned, take any estate of inheritance therein, but such real estate, subject to such life estate as may be in existence by virtue of this act, shall pass to and vest in such other persons as would be entitled by this act, if the persons not of the blood of such ancestor or other relation had never existed, or were dead at the decease of the intestate."

Is William H. Finney of the blood of the ancestor from whom the said real estate descended or was devised? That is, is he of the blood of Jesse Finney, the perquisitor?

William H. Finney is the son of James C. Finney, who was the son of Jesse Finney, the perquisitor.

Elizabeth Finney, the intestate, was the daughter of John Finney, deceased, who was the son of Jesse Finney, the perquisitor.

It will thus be seen that Elizabeth Finney and William H. Finney, her brother of the half blood, had a common grandfather, Jesse Finney, the perquisitor, from whom they derived the same inheritable blood, and in the same degree. In the case of Elizabeth it was transmitted through her father, John Finney, and in the case of William H. Finney it was transmitted through his father, James C. Finney.

The question of next of kin to the intestate does not enter into this case. Section 6 of said act casts the inheritance directly from the intestate to the brother of the half blood, who has in him the blood of the perquisitor. Section 7 of the said act by which the real estate of the intestate descends to the next of kin, by its own terms operates only in default of all persons before described in said act, that is, in default of brothers and sisters of the half blood of the intestate and their issue, as provided for in section 6 of said act.

The principles laid down in Baker v. Chalfant, 5 Wharton, 477, and Hart's Appeal, 8 Pa. 32, rule this case.

The court is of the opinion that upon the death of Elizabeth Finney, the said real estate descended to her brother of the half blood, William H. Finney, the defendant, under the intestate laws of the commonwealth, subject to the life estate of the

said Mary Finney, his mother, therein.   The said Mary Finney having since died, the defendant has now vested in him the whole of the real estate described in the case stated.

Let judgment be entered for the defendant.

*Error assigned* was the judgment of the court.

*Thomas Ross*, with him *Hugh B. Eastburn* and *George Ross*, for appellant.—The estate descended to the intestate is ancestral and paternal: Kinney v. Glasgow, 53 Pa. 141.

In and through the blood of the perquisitor, the uncles and aunts, through whom appellants claim per stirpes, were entitled to inherit: Sturgeon v. Hustead, 196 Pa. 148.

Section 6 of the act of 1833, P. L. 315, is to be strictly construed and the proviso, section 9, is to be liberally construed. Therefore, the search for the half blood capable of inheriting is to be made as nearly in the common-law manner as possible.

Kinship and inheritable blood must be traced through the same channel: 2 Bl. Comm. 223; Ranck's App., 113 Pa. 98; Lewis v. Gorman, 5 Pa. 164; Roberts's App., 39 Pa. 417; Perot's App., 102 Pa. 235.

*William Stuckert*, with him *Wm. R. Stuckert*, for appellee, cited: Baker v. Chalfant, 5 Wharton, 477; Hart's App., 8 Pa. 32; Gardner v. Collins, 27 U. S. 58; Emes v. Brown, 1 American Law Reg. 634; Parr v. Bankhart, 22 Pa. 291.

PER CURIAM, May 16, 1904:

This judgment is affirmed on the opinion of the court below.